Simon, J.
delivered the opinion of the court.
The only question submitted to our consideration in this case, is whether under the Louisiana Oode, the privilege granted to law charges ought to be extended to such costs as may have been occasioned by the prosecution [207] of suits against an insolvent debtor previous to his failure ? or whether such privilege ought to be limited to the costs incurred in the concurso, and for the benefit of the mass of creditors ?
Under the Old Civil Oode, as early as 1812, the jurisprudence of this court had repeatedly recognized that the lam charges contemplated by the art. 78, page 468, were tawed costs. 2 Martin, 264; 5 Id. 468; that general professional services rendered by an attorney were no part of the privileged law choA’ges or taxed costs. 2 Id. 242; 8 Id. 282. And in the case of Turpin v. His Creditors, 7 Id. 54, it was held again that the costs of suits against an insolvent, previous to his failure, were privileged on his estate. The point was thus so well settled that it had become a well known rule, under the old Oode, that taxed costs of every kind were entitled to the privilege allowed under the denomination of law charges.
The Louisiana Oode has re-enacted the same provisions with regard to law charges, arts. 3158 and 8219; and were these articles to be made exclusively the subject of this investigation, there would be no difficulty in *128 maintaining our former jurisprudence. But it is contended by the counsel for the appellee that our law on this subject has undergone very material changes and modifications by the enactment of the articles 3162, 3163, 3164, and 3165, contained in the section 2, under the head of law charges; and that the general interpretation heretofore given by this court to the art. 73, p. 468, of the Old Code, and the construction of the arts. 8162 and 3163, are now restrained by the art. 3164, from which it is 'evident that the privilege in cases of insolvency ought to be allowed to those costs only which are incurred for the general benefit of the creditors. The art. 3162 is in these words: “ Law charges are such as are occasioned by the prosecution of a suit before the court. ■ But this name applies more particularly to the costs, which [208] the party cast has to pay to the party gaining the cause. It is in favor of raiESE only that the law grants the privilege.” This, in our opinion, gives a clear definition of what the law means by “ law charges,” and indicates the extent of the privilege by which their recovery is seemed. The art. 3163 explains how and to wha.t extent the privilege is to be enjoyed, and limits it to such costs as are taxed according to law, and such as arise from the execution of the judgment. So far, these new laws agree with our former jurisprudence, and would be rather considered as confirmatory of the repeated decisions of this court, unless modified or further restrained by the subsequent articles. The art. 3164, relied on by the appellee, is as follows: “The costs for affixing- seals and making inventories for the better preservation of the debtor’s property; those which occur in cases of failure or cession of property for the general benefit of creditors, such as fees to lawyers, appointed by the court to represent absent creditors, commissions to syndics; and finally, costs incurred for the administration of estates, which are- either vacant or belonging to absent heirs, enjoy the privileges established in favor of law charges.” And it is urged that this last article shows the restricted sense of the privilege granted by the preceding ones. "We think differently; it seems to us that this art. 3164, far from restricting the privilege, has been passed for the purpose of extending it to such claims as would not be comprised in the general definition of law charges given by the art. 3162, as most of those claims have nothing to do with the prosecution of suits before the courts, and relate more particularly to the costs incurred in such estates as are administered for the benefit of a concurso of creditors. This art. does not say that the costs therein mentioned shall be the only costs entitled to enjoy the right of privilege established in favor of la/w charges or judicial expenses, and in our opinion it would be absurd to give it such construction as [209] to defeat the right recognized by the provisions contained in the two previous articles. Besides, this is also sufficiently explained by the art. 3165, from which it is clear, under the well known rule “ exclusio unius est inckisio alterius,” that the creditor is entitled to enjoy the privilege, when the costs which he claims are taxed costs, or are included among those mentioned in the preceding articles.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that the opposition filed by G. Giordano to the tableau of distribution filed by the syndic be main *129 tained, so far as he claims to be placed on the said tableau as a privileged creditor for the taxed costs therein mentioned, and that the said tableau be amended accordingly, the costs in both courts to be borne by the insolvent estate.